UNITED STATES DISTRICT COURT
DISTRICT OT MAINE

| | | |
|---|---|---|
| HOME FASHIONS DISTRIBUTOR, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:12-cv-250-DBH |
| HANOVER INSURANCE GROUP, | ) ) ) | |
| Defendant | ) | |

REPORT OF HEARING AND ORDER RE:
MOTION TO AMEND SCHEDULING ORDER

Held in Portland by telephone on November 28, 2012, at 11:30 a.m.

Presiding:    John H. Rich III, United States Magistrate Judge

Appearances:    For the Plaintiff:  Susan Driscoll, Esq.
                                    Laura White, Esq.

                For the Defendant:  Wendell Large, Esq.

The teleconference was held at my request to discuss the defendant's unopposed motion to amend the scheduling order.  *See* ECF No. 10.

Following discussion, and without objection, I ***GRANTED*** an oral motion by the plaintiff to amend its complaint to correct the name of the defendant and ***DIRECTED*** that the second amended complaint be filed forthwith on the ECF docket.

Without objection, I then ***GRANTED*** the motion to amend the scheduling order, with modifications, as follows:

1.    I ***SET*** a deadline of January 7, 2013, for the defendant to answer the second amended complaint or file a motion pursuant to Federal Rule of Civil Procedure 12(b) to dismiss that complaint.  In the alternative, the defendant may seek an early resolution of this suit in the

1

form of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. However, the defendant must file an answer before filing any motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c) (such motions may be filed "[a]fter the pleadings are closed"), and must file a Local Rule 56(h) notice of intent to file a motion for summary judgment, which will trigger a conference with the court, before filing any motion for summary judgment, *see* Loc. R. 56(h).[1]

     2.    I **_STAYED_** all pretrial scheduling order deadlines in this case pending the court's adjudication of any dispositive motion filed in accordance with paragraph 1, above.

**_SO ORDERED_**.

### CERTIFICATE AND NOTICE

A.    This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.    In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 28th day of November, 2012.

                            /s/ John H. Rich III
                            John H. Rich III
                            United States Magistrate Judge

---

[1] Attorney Large indicated, and Attorney Driscoll agreed, that both sides believe that a threshold dispositive legal issue in this case may be amenable to resolution without need of discovery. Indeed, that is why the defendant filed its unopposed motion to stay or enlarge pretrial deadlines pending the adjudication of the contemplated dispositive motion. However, to the extent that either side files matters outside of the pleadings that are not excluded by the court, any motion filed pursuant to Rule 12(b) or 12(c) must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).